ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| RADAMÉS JORDÁN ORTIZ<br><br>APELANTE<br><br>V.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO DOS MARINAS I, IN-SERVICIO L.L.C., LAS CORPORACIONES DESCONOCIDAS A, B, C Y LAS ASEGURADORAS DESCONOCIDAS, A, B, C<br><br>APELADOS | TA2025AP00123 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Fajardo<br><br>Caso Núm. FA2022CV00605<br><br>Sobre:<br><br>Daños y Perjuicios |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Candelaria Rosa, la jueza Alvarez Esnard, y la jueza Díaz Rivera

**Brignoni Mártir, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 3 de septiembre de 2025.

Comparece el Sr. Radamés Jordán Ortiz (señor Jordán Ortiz o el Apelante) y solicita la revocación de la *Sentencia Parcial* emitida y notificada el 11 de abril de2025, por el Tribunal de Primera Instancia, Sala de Fajardo (TPI o foro primario). Mediante la referida *Sentencia Parcial* el foro primario declaró Con Lugar la *Moción de Desestimación* presentada por el Consejo de Titulares del Condominio Dos Marinas I (Consejo de Titulares o los Apelados), al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V., R.10.2 y desestimó la *Demanda Enmendada* presentada por el Apelante en contra del Consejo de Titulares, por falta de jurisdicción sobre la materia.

Por los fundamentos que expondremos a continuación revocamos la *Sentencia Parcial* apelada.

**I.**

El 16 de junio de 2022, el señor Jordán Ortiz presentó *Demanda* en daños y perjuicios en contra del Consejo de Titulares, In-Servicio, LLC ("In-

Servicio") y otros, debido a un incidente ocurrido, alegadamente, el 9 de junio de 2020. [1]

Tras varios incidentes procesales, el 15 de mayo de 2024, el señor Jordán Ortiz presentó *Demanda Enmendada* a los únicos fines de emplazar nuevamente al Consejo de Titulares.[2] En la *Demanda Enmendada* alega el señor Jordán Ortiz que el 11 de mayo de 2020 le entregó las llaves de su apartamento a In Servicio, compañía contratada por el Consejo de Titulares para realizar Servicios de Administrador del Condominio; que la entrega de la llave se realizó para que se llevara a cabo una reparación de una ruptura de una tubería del Condominio, la cual, alegó, producía inundación de aguas negras en su apartamento. El señor Jordán Ortiz alegó que el 9 de junio de 2020 vecinos del Condominio le informaron que había personas sacando todas las pertenencias muebles de su apartamento; y que el 10 de junio de 2020 se personó al apartamento y se percató que éste estaba totalmente destrozado y saqueado. El Apelante reclamó una serie de daños causados por estos hechos. Este imputa al Consejo de Titulares negligencia en la atención de las reparaciones de la tubería central que le afectaba. Con respecto a In Servicio, el señor Jordán Ortiz le imputó negligencia en el manejo de las reparaciones realizadas.[3]

El 13 de agosto de 2024, el Consejo de Titulares presentó *Moción de Desestimación* por falta de jurisdicción sobre la materia, en la que argumentó que por tratarse de un asunto de condominios la jurisdicción era del DACo y no del Tribunal de Primera Instancia.[4]

Por su parte, el 23 de septiembre de 2024, el señor Jordán Ortiz presentó *Oposición a la Moción de Desestimación* en la que se opuso a la solicitud de desestimación presentada por el Consejo de Titulares y anejó a su oposición la determinación de DACo en el caso C-CAG-2021- 0002504,

---

[1] *Véase* Entrada Núm.1 SUMAC TPI en el caso Civil Núm. FA2022CV00605.

[2] *Véase* Entrada 104 de SUMAC.

[3] Previamente a la presentación de la demanda, el Apelante presentó la querella C-CAG-2021-0002504 ante el Departamento de Asuntos del Consumidor ("DACo") sobre los mismos hechos. En esta, el DACo determinó que carecía de jurisdicción sobre los reclamos por constituir una reclamación pura de daños y perjuicios. Véase, Entrada 115 de SUMAC TA, Anejo 1 y 2.

[4] Entrada Núm. 111 SUMAC.

en la que dicha agencia se declaró sin jurisdicción por tratarse de una reclamación exclusiva de daños y perjuicios.[5]

El 25 de septiembre de 2024, el TPI emitió *Orden* en la que declaró *No Ha Lugar* a *Moción de Desestimación* presentada por el Consejo de Titulares. [6]

El 24 de octubre de 2024, el Consejo de Titulares presentó *Contestación a Demanda Enmendada.* Entre las defensas afirmativas, levantó que la causa de acción o Demanda Enmendada o parte de ésta se encuentra prescrita, y que el TPI no tenía jurisdicción sobre la materia para atender la controversia conforme la Ley 129-2020. [7]

Posteriormente, mediante *Sentencia Parcial* emitida y notificada el 11 de abril de 2025, el foro primario declaró Con Lugar la *Moción de Desestimación* presentada por el Consejo de Titulares al amparo de la Regla 10.2 de Procedimiento Civil, y desestimó la *Demanda Enmendada* presentada por el Apelante por falta de jurisdicción sobre la materia.[8] En esencia, concluyó el foro primario, que las alegaciones del señor Jordán Ortiz contra las actuaciones del Consejo y/o del Administrador, por mandato legislativo, tenían que dilucidarse en DACo, foro administrativo con jurisdicción primaria y exclusiva sobre la materia.

EL TPI concluye que de las alegaciones de la demanda enmendada surge que el Apelante está impugnando u objetando, como titular de un apartamento sometido al régimen de propiedad horizontal, las actuaciones u omisiones del agente administrador con respecto a un evento de administración, así como la omisión del Consejo o de su Presidente de dar paso a la reclamación por alegados daños al inmueble. Razonó el foro primario que la Demanda enmendada, presentada por el Apelante se circunscribe a una reclamación relacionada a un acto de administración del condominio sobre una avería en un tubo comunal o del Condominio y que

---

[5] Véase, Entrada Núm. 115 de SUMAC
[6] *Véase* Entrada Núm. 116, SUMAC.
[7] Véase Entrada 117 de SUMAC.
[8] Véase, Entrada Núm. 126 de SUMAC.

ese evento es de la exclusiva providencia del DACo. Así las cosas, concluyó el TPI que la responsabilidad de adjudicar la responsabilidad del Consejo y/o del Administrador es del DACo y no del Tribunal de Primera Instancia. Igualmente el TPI aclaró que por virtud de ley, hasta que advenga final y firme el dictamen de DACo, el Tribunal de Primera Instancia carece jurisdicción sobre la controversia por lo que desestimó la Demanda enmendada y ordenó el registro y notificación de la Sentencia Parcial conforme la Regla 42.3 de las Reglas de Procedimiento Civil, siendo la misma final para todos los fines en cuanto a las controversias adjudicadas.

En desacuerdo, el 28 de abril de 2025, el Apelante *presentó Moción de Reconsideración* en la que sostuvo que erró el foro primario al reconsiderar *motu proprio* la *Orden* emitida el 25 de septiembre de 2024, en la cual denegó la moción de desestimación al Consejo de Titulares y al determinar que carecía de jurisdicción sobre la materia para atender la controversia presentada en la demanda enmendada.[9].

En respuesta, el 22 de mayo de 2025 el Consejo de Titulares presentó *Oposición a Moción de Reconsideración.*[10] El 22 de mayo de 2025, el señor Jordán Ortiz presentó *Réplica a Oposición a Moción de Reconsideración.*[11] El 13 de junio de 2025, el foro primario denegó la solicitud de reconsideración presentada por la parte demandante.[12]

Inconforme, el señor Jordán Ortiz presentó el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

**PRIMER SEÑALAMIENTO DE ERROR**: ERRÓ EL TPI AL RECONSIDERAR A *MOTU PROPRIO* SU DECISIÓN DE DENEGAR LA MOCIÓN DE DESESTIMACIÓN DE DOS MARINAS Y DETERMINAR QUE NO TENÍA JURISDICCIÓN SOBRE LA MATERIA EN UN CASO PURAMENTE DE DAÑOS Y PERJUICIOS.

**SEGUNDO SEÑALAMIENTO DE ERROR**: ERRÓ EL TPI AL IGNORAR LA DETERMINACIÓN DE DACO DE QUE EL FORO ADMINISTRATIVO CARECÍA DE JURISDICCIÓN PARA ATENDER UN CASO PURAMENTE DE DAÑOS Y PERJUICIOS.

---

[9] *Véase* Entrada Núm.129 de SUMAC.
[10] *Véase* Entrada Núm. 137 de SUMAC.
[11] *Véase* Entrada Núm. 138 de SUMAC.
[12] *Véase* Entrada Núm. 140 de SUMAC.

Por su parte, el 13 de agosto de 2025, compareció ente nos el Consejo de Titulares mediante *Alegato en Oposición a Escrito de Apelación.*[13] En síntesis, sostiene el Consejo de Titulares que no incidió el foro primario al determinar que quien tenía la jurisdicción primaria para atender el asunto presentado por el Apelante era el DACo. Razona el Consejo de Titulares que el Apelante está impugnando u objetando, como titular de un apartamento sometido al régimen de propiedad horizontal, las actuaciones u omisiones del agente administrador con respecto a un evento de administración, así como la omisión del Consejo de Titulares o de su Presidente de dar paso a su reclamación por alegados daños al inmueble. Argumenta además, que el Apelante objeta en la *Demanda Enmendada* las actuaciones del Consejo de Titulares y/o del Administrador al no dar paso a su reclamación y/o pagar los alegados daños ocurridos en su apartamento a consecuencia de la reparación o avería del tubo comunal o del Condominio y que al no estar de acuerdo con las actuaciones u omisiones por parte del Administrador del Condominio y/o el Consejo o su Presidente, el señor Jordán Ortiz tenía que presentar su reclamación, impugnación o querella ante el DACo, quien es el ente administrativo al que la Ley 129-2020 le confiere jurisdicción primaria exclusiva.

## II

### A.

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo.[14] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil, *supra*, permite a un demandado presentar una moción antes de presentar su contestación a la demanda, solicitando que se desestime la misma. Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2.

Específicamente, la Regla 10.2 reconoce varios supuestos bajo los cuales es posible solicitar una desestimación, a saber:

---

[13] Véase Entrada Núm. 4 SUMAC TA.

[14] Véase*, SLG Sierra v. Rodríguez*, 163 DPR 738, 745 (2005); R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411.

> … (1) **falta de jurisdicción sobre la materia**; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.
>
> Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

Al solicitar la desestimación, "los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y, a su vez, considerarlos de la forma más favorable a la parte demandante". [15] En consecuencia, nuestro ordenamiento procesal civil permite al demandado solicitar la desestimación de la reclamación cuando de las alegaciones de la demanda es evidente que alguna de las defensas afirmativas prosperará. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043 (2020); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012).

Finalmente, ante una solicitud de desestimación, el tribunal deberá identificar los elementos que establecen la causa de acción y las meras alegaciones concluyentes que no pueden presumirse como ciertas. Véase, Hernández Colón, *op. cit.*, sec. 2604, pág. 307; *Ashcroft v. Iqbal*, 556 US 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 US 544 (2007).

Así pues, para prevalecer, el demandado deberá probar que el demandante no tiene derecho a remedio alguno, aun interpretando la demanda de la manera más liberal a su favor. *López García v. López García*, *supra*; *SLG Sierra v. Rodríguez*, *supra*.

**B.**

El término "jurisdicción" significa el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias. *CBS Outdoor v. Billboard One, Inc.*, 179 DPR 391, 403 (2010). Como norma general, los foros judiciales de Puerto Rico son de jurisdicción general. Es decir, tienen autoridad para entender en cualquier causa de acción que presente una controversia para adjudicación. *Clases A, B y C v. PRTC*, 183 DPR 666, 686 (2011), citando a *Mun. Arecibo v. Mun.*

---

[15] *López García v. López García*, 200 DPR 50, 69 (2018); *Rivera Sanfeliz v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013); *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013).

*Quebradillas*, 161 DPR 109, 114 (2004); *Junta Dir. Cond. Montebello v. Fernández*, 136 DPR 223, 230 (1994). Aun cuando las partes no lo planteen, un tribunal viene obligado a velar su jurisdicción. *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 105 (2013).

Las agencias administrativas solamente tienen los poderes otorgados expresamente por una ley habilitadora y aquellos que sean indispensables para llevar a cabo sus deberes y responsabilidades. De lo anterior, pueden surgir situaciones en las que los tribunales y las agencias puedan entender en un mismo asunto, en cuyo caso, es aquí donde la doctrina de jurisdicción primaria juega un papel importante. *CBS Outdoor, supra.* Esta doctrina no priva de jurisdicción a los foros judiciales, sino que atiende una cuestión de prioridad de jurisdicción. Su principal propósito es promover la armonía entre los tribunales y los organismos administrativos. Específicamente, la doctrina de jurisdicción primaria dispone cuál foro, judicial o administrativo, debe atender inicialmente una controversia. Para ello, la doctrina tiene dos (2) vertientes: (1) la exclusiva; y (2) la concurrente. *CBS Outdoor, supra,* a la pág. 404.

La aplicación de la doctrina de jurisdicción primaria requiere que los tribunales examinen los alcances de la ley habilitadora de una agencia administrativa y determinen si el asunto cae estrictamente dentro de su ámbito. Además, exige que los tribunales ponderen y determinen si es imprescindible y necesario que se resuelva en favor de que intervenga inicialmente la agencia. *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 430 (2012).

La regla general es que un tribunal debe aplicar la doctrina de jurisdicción primaria en todo caso en el cual el peritaje de una agencia sea indispensable para resolver la controversia. *Gómez Estremera, supra, a la pág. 431*. Sin embargo, si la cuestión implicada es estrictamente de derecho, el tribunal retendrá la jurisdicción. *Íd.* Entre los factores a ponderarse para aplicar o no la doctrina de jurisdicción primaria se encuentran: (1) el peritaje de la agencia sobre la controversia; (2) la complejidad técnica o

especializada de la controversia; (3) la conveniencia o necesidad de una adjudicación rápida; (4) la conveniencia de utilizar técnicas más flexibles de adjudicación; y (5) lo adecuado del remedio administrativo. *CBS Outdoor, supra, a la* pág. 407.

Por regla general, el tribunal debe aplicar la doctrina de jurisdicción primaria "en todo caso en el cual el peritaje de una agencia sea indispensable para resolver la controversia." Por el contrario, si la cuestión es una de estricto derecho, como lo sería una causa de acción en daños y perjuicios al amparo del Artículo 1802 del Código Civil de Puerto Rico, [ante] entonces el tribunal retendrá jurisdicción. *Consejo Titulares v. Gómez Estremera*, *supra*, págs. 430-431.

La evaluación de si una agencia tiene jurisdicción sobre un asunto en particular, requiere analizar el poder que la Asamblea Legislativa le delegó. Para efectuar este análisis, las leyes deben interpretarse a base de la intención legislativa. El sentido atribuido tiene que ser cónsono con el resultado que pretendió el legislador. La interpretación de la ley debe ser conforme a la intención legislativa, la política pública y el interés social que la inspira. Las agencias solo pueden llevar a cabo las funciones que se le encomendaron legislativamente, las que surgen de su actividad o encomienda y únicamente pueden ejercer los poderes que son indispensables para llevar a cabo sus deberes y responsabilidades. *Ayala Hernández v. Consejo de Titulares,* 190 DPR 547, 559, 561 (2014).

**C.**

DACo fue creado con el propósito primordial de vindicar e implementar los derechos del consumidor. 3 LPRA § 341.

En lo pertinente, el Artículo 65 de la *Ley de Condominio de Puerto Rico* - Ley 126 del 16 de agosto de 2020- dispone de la siguiente manera en torno a la jurisdicción primaria y exclusiva de DACo:

> Artículo 65.-Impugnaciones de Acciones u Omisiones de la Junta de Directores, Administrador Interino y Acuerdos y Determinaciones del Consejo: Las acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador así como los acuerdos del Consejo de Titulares podrán ser impugnados por los titulares en los siguientes supuestos:

a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;

b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;

c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.

Los titulares que sean dueños de apartamentos en condominios que sean dedicados exclusivamente a uso comercial, tendrán que presentar la impugnación ante el Tribunal de Primera Instancia, el cual tendrá jurisdicción primaria y exclusiva. En el caso de los titulares sean dueños de apartamentos en condominios con al menos un apartamento de uso residencial, la jurisdicción será primaria y exclusiva del Departamento de Asuntos del Consumidor, así como cualquier reclamación presentada en contra del agente administrador.

Para todo tipo de impugnación se tendrán treinta (30) días contados a partir de la fecha en que se tomó dicho acuerdo o determinación, si se hizo en su presencia, o dentro de los treinta (30) días siguientes a la fecha en que recibe la notificación del acuerdo, si el titular afectado no estuvo presente en el momento en que se llegó a tal acuerdo o determinación.

En el caso de que la acción de impugnación de acuerdos, acciones u omisiones de la Junta de Directores, del Administrador Interino, del Agente Administrador o del Consejo de Titulares, constituyan violaciones a las disposiciones de esta Ley, de la escritura matriz o del reglamento del condominio, prescribirá a los dos (2) años. El término se computará a partir de la fecha en que se tomó la acción, omisión o acuerdo si fue en la presencia del titular o a partir de la notificación de este si no fue en su presencia. El acuerdo tiene que haberse notificado conforme a las disposiciones de esta Ley.

El titular que quiera impugnar una acción u omisión de la Junta de Directores, del Administrador Interino, del Agente Administrador o un acuerdo del Consejo de Titulares tendrá que demostrar que no tiene ningún tipo de deuda con el Consejo de Titulares y que entregó copia del documento mediante el cual adquirió su apartamento a la Junta de Directores. Será excepción al requisito de no deuda, cuando la impugnación sea para cuestionar la deuda que alegadamente tiene. En el caso de la impugnación de acuerdos del Consejo de Titulares tendrá que acreditar que estuvo presente o representado en la asamblea en que se tomó el acuerdo que impugna y que votó en contra de este. Si estuvo ausente a pesar de que fue debidamente notificado deberá probar que su ausencia estuvo justificada.

Artículo 65 de la Ley de Condominios, 31 LPRA §1923j.

De igual forma, el *Reglamento de Condominios*, Número 9386, del 6 de junio de 2022, establece que la jurisdicción primaria delegada a DACo está también expresamente declarada en la Regla 23, que dispone en lo pertinente, lo siguiente:

REGLA 23: JURISDICCIÓN DEL DEPARTAMENTO

Las acciones u omisiones de la Junta de Directores, Administrador Interino, Agente Administrador, Sindico, así como los

acuerdos del Consejo de Titulares podrán ser impugnados ante el Departamento por los titulares en los siguientes supuestos:

a)    Cuando sean contrarios a la Ley de Condominios de Puerto Rico, la escritura matriz, el reglamento del condominio y a este Reglamento.

b) Cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular.

c) Cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra. El Agente Administrador será responsable para cualquier determinación, actuación u omisión del Asistente Administrador

**III.**

Es la contención principal III del Apelante que incidió el foro primario al declarase sin jurisdicción por falta de jurisdicción sobre la materia y desestimar la *Demanda Enmendada*.

En la *Sentencia Parcial* el TPI fundamentó su determinación de declarase sin jurisdicción para atender el reclamo del Apelante, en que el DACo retiene jurisdicción primaria exclusiva para entender en acciones de impugnación de los acuerdos del Consejo de Titulares, de las determinaciones, actuaciones u omisiones del Director o de la Junta de Directores, relacionadas con la administración de inmuebles que comprendan por lo menos un apartamento destinado a vivienda. Sin embargo , en su sentencia el foro primario no señala ningún acuerdo del Consejo de Titulares que el Apelante estuviera impugnando en la Demanda sino que descansa en el razonamiento errado de que el señor Jordán Ortiz está impugnando un acto de administración del inmueble por parte del Consejo de Titulares. Esto es incorrecto, toda vez que  lo que el Apelante está reclamando en la *Demanda Enmendada* son los daños a su propiedad.

Entre las alegaciones de la *Demanda Enmendada* el Apelante expresamente alega lo siguiente:

**2. Sin pretender ser exhaustivos, <u>dichos daños y angustias mentales incluyen: privación de uso del inmueble, la propiedad mueble saqueada y los destrozos estructurales al apartamento 107. Hoy en día, estos daños y perjuicios se estiman en una suma no menor de $250,000.00.</u>**

**3. El demandante reclama a las codemandadas que, le compensen todos <u>los daños, perjuicios y angustias mentales que ha sufrido y continúa sufriendo</u> a consecuencia de sus actuaciones dolosas y de mala fe, así como una suma razonable en costas y honorarios de abogado por temeridad, ascendente**

**a $25,000.00. Reiteramos afirmativamente que, las partes codemandadas de autos son las responsables de compensar todos los daños bien alegados en la presente Demanda.[16]**

No obstante, en la determinación apelada el TPI razona que el señor Jordán Ortiz está impugnando un acto de administración del inmueble por parte del Consejo de Titulares y que por ello carece de jurisdicción para atender su reclamo. Sin embargo, como bien sostiene el Apelante, y surge de las alegaciones de la *Demanda Enmendada* lo que se está reclamando son los daños a la propiedad mueble e inmueble del señor Jordán Ortiz por lo que el foro primario tiene jurisdicción sobre la materia para atender la Demanda toda vez que esta consiste en una reclamación en daños y perjuicios.

El único acto administrativo que se llevó a cabo según surge de las alegaciones de la Demanda, es que se trató de arreglar la tubería central del edificio y el Apelante dejó una copia de sus llaves para que se llevase a cabo ese trabajo. En su Demanda este no se opuso a que se arreglase la tubería central del condominio. La acción del Apelante no impugna determinación alguna del Consejo de Titulares acordada durante una asamblea de titulares.

Es preciso destacar que anteriormente, el señor Jordán Ortiz había presentado ante DACo la querella número C-CAG-2021-0002504 sobre los mismos hechos y que dicho foro se declaró sin jurisdicción para atenderla por tratarse exclusivamente de una reclamación en daños y perjuicios.[17]

En la normativa jurisprudencial vigente, particularmente en *Consejo Titulares v Gómez Estremera, supra*¸ el Tribunal Supremo establece que las reclamaciones en daños y perjuicios en el contexto de un condominio se rigen bajo las disposiciones del Código Civil. DACo no es el foro con la pericia en derecho que requiere la interpretación del Código Civil. Ante una cuestión de estricto derecho, como lo es una causa de acción en daños y perjuicios al amparo del del Código Civil de Puerto Rico, entonces el tribunal retendrá jurisdicción. *Id.*

---

[16] *Véase* Entrada 74 de SUMAC TA, Anejo 1.
[17] *Véase* Entrada 115 de SUMAC TA.

Lo reclamado en el caso de epígrafe no es un asunto referente a la administración del condominio, sino la solicitud de resarcimiento por alegados daños sufridos por el Apelante ante la alegada destrucción de su propiedad, a raíz de las reparaciones realizadas en la tubería. Ante la ausencia de acción legislativa alguna que le hubiese conferido al DACo jurisdicción primaria y exclusiva para atender asuntos de daños y perjuicios, concluimos que por tanto, DACo claramente no tiene jurisdicción sobre la materia reclamada en el presente pleito.

Conforme a la normativa anteriormente expuesta, concluimos que incidió el foro primario al declararse sin jurisdicción para atender en sus méritos el reclamo del Apelante y al desestimar la *Demanda Enmendada* por falta jurisdicción sobre la materia. Toda vez que el Apelante alega y reclama al Consejo de Titulares por alegados daños causados a su propiedad durante las reparaciones consentidas por el señor Jordán Ortiz, concluimos que el foro primario tiene jurisdicción para atender dicha reclamación.

**IV.**

Por los fundamentos anteriormente expuestos, los cuales se hacen formar parte de esta Sentencia **revocamos** la *Sentencia Parcial* apelada que desestimó la *Demanda Enmendada* presentada por Apelante, y ordenamos al foro primario su adjudicación en los méritos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones